UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARK ALLISON,  <br><br>                    Plaintiff(s),  <br><br>     v.  <br><br>SPRING MOUNTAIN LAS VEGAS, LLC,  <br><br>                    Defendant(s). | Case No. 2:15-CV-2337 JCM (PAL)  <br><br>ORDER |

Presently before the court is defendant Spring Mountain Las Vegas, LLC's ("SMLV" or "defendant") motion to dismiss. (ECF No. 10). Plaintiff Mark Allison ("Allison" or "plaintiff") filed a response (ECF No. 12),[1] to which defendant replied (ECF No. 14).

**I.    Facts**

This case involves a dispute over a shopping complex's compliance with the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA"). Plaintiff uses a wheelchair for mobility and is considered "disabled" as defined by the ADA in that he is "substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and pinching [*sic*]." (ECF No. 2 at 2).

Defendant owns and operates a shopping center on Spring Mountain Road (the "complex"). (ECF No. 10 at 5). Plaintiff alleges that he visited the complex and encountered barriers to access in violation of the ADA as defined, in part, by the ADA Accessibility Guidelines ("ADAAG"). (ECF No. 2 at 3).

---

[1] Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiff's request for leave to amend his complaint unless it is filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

Thereafter, plaintiff filed the underlying complaint, alleging two causes of action: (1) violation of the ADA; and (2) violation of NRS 651.070, *et seq.* (the "Nevada ADA"). (ECF No. 2). Plaintiff's complaint seeks a permanent injunction ordering defendant to remove the physical barriers to access and to make improvements to the extent required by the ADA. (ECF No. 2).

In the instant motion, defendant moves to dismiss plaintiff's complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).[2] Defendant argues that plaintiff's claims fail as a matter of law for two reasons: (1) plaintiff lacks Article III standing to proceed on the ADA claim; and (2) because plaintiff lacks Article III standing, the court must decline to exercise supplemental jurisdiction over the Nevada ADA claim. The court will address each in turn.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178,

---

[2] While defendant moves for dismissal pursuant to Rule 12(b)(1) and 12(b)(6), the instant motion provides no argument under the latter. That being the case, the court analyzes defendant's motion solely under Rule 12(b)(1).

**James C. Mahan**
**U.S. District Judge**

- 2 -

189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n. 14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

### III.  Discussion

#### a.  Article III Standing

Defendant argues that plaintiff lacks Article III standing because he failed to show an injury in fact as plaintiff has no intent to return to the complex. (ECF No. 10 at 7).

"[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement[s] of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

To establish standing, a plaintiff must "demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Id.* Moreover, to establish standing in the ADA context, a plaintiff seeking injunctive relief must demonstrate a "real and immediate threat of repeated injury" in the future. *See id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). Thus, "an ADA plaintiff suffers an injury-in-fact either because discriminatory architectural barriers deter him from returning to a

James C. Mahan
U.S. District Judge

- 3 -

facility or because they 'otherwise interfere with his access to' the facility." *Id*. at 950 (quoting *Doran v. 7-Eleven, Inc*., 524 F.3d 1034, 1042 n. 5 (9th Cir. 2008)).

Moreover, "[u]nder the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *Id.* at 947 (citing *Doran*, 524 F.3d at 1041 n. 4 (stating that the ADA "does not limit its antidiscrimination mandate to barriers that completely prohibit access")). "Rather, the barrier need only interfere with the plaintiff's 'full and equal enjoyment' of the facility." *Id.* (quoting 42 U.S.C. § 12182(a)).

Further, a barrier "will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Id.* "Because the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes discrimination under the ADA." *Id*.

Here, defendant contends that the "actual or imminent" injury in the ADA context necessarily requires that "a plaintiff [be] likely to return to patronize the accommodation in question." (ECF No. 10 at 8). The court disagrees because "[d]emonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief." *Chapman*, 631 F.3d at 949.

For standing purposes, "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'" *Pickern v. Holiday Quality Foods Inc*., 293 F.3d 1133, 1138 (9th Cir. 2002). A plaintiff need not to have been a client or customer of the defendant's to be an "individual" entitled to the protections of Title III of the ADA. *See Molski v. M.J. Cable, Inc*., 481 F.3d 724, 733 (9th Cir. 2007). Here, plaintiff's complaint alleges that plaintiff visited defendant's complex and encountered barriers to access in violation of the ADA, thereby suffering injury. (ECF No. 2 at 3).

However, a plaintiff must allege more than encountering an ADAAG defined barrier to establish standing. Plaintiff alleges that he is "disabled" under the ADA, that he attempted to, but

**James C. Mahan
U.S. District Judge**

- 4 -

could not access the complex because of "[p]laintiff's disability due to the physical barriers to access . . . and ADA violations" at the complex. (ECF No. 2 at 5). Importantly, plaintiff fails to allege what those barriers were and how those barriers affected him so as to deny plaintiff the "full and equal" access that would satisfy the injury in fact requirement—*i.e.*, that plaintiff personally suffered discrimination under the ADA on account of his disability. Therefore, plaintiff's complaint is jurisdictionally defective as plaintiff has failed to sufficiently allege the elements of standing in the ADA context.

Accordingly, the court will grant defendant's motion to dismiss under 12(b)(1) for lack of subject matter jurisdiction and count one of plaintiff's complaint will be dismissed without prejudice.

### b. *Supplemental Jurisdiction*

Plaintiff presents no argument regarding why this court should retain jurisdiction over his state law claim under the Nevada ADA once the federal claim is dismissed. (*See* ECF No. 12). The court therefore will dismiss count two of plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1367(c)(3); *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139, 1143 n. 7 (9th Cir. 2003).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED. Plaintiff's complaint (ECF No. 2) is DISMISSED WITHOUT PREJUDICE.

The clerk is instructed to close the case.

DATED August 23, 2016..

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**